Mrs. Thomas L. Bailey, State Tax Collector *v.*

Sears, Roebuck & Co., et al.

No. 39427          January 3, 1955          76 So. 2d 818

*Pyles & Tucker,* Jackson, for appellant.

*Wright, Overstreet & Kuykendall,* Jackson, for appellee.

ETHRIDGE, J.

The decision in this case is controlled by that rendered this day, January 3, 1955, in No. 39,428, Mrs. Thomas L. Bailey, State Tax Collector v. Montgomery Ward and Company. Appellee Sears, Roebuck and Company owns and operates eight general merchandise stores in Mississippi instead of one. Its sewing machine salesmen are on both a salary and commission basis. They spend sixty percent or more of their time selling from the sales floor of the stores. Outside sales and solicitations are made on leads obtained from the stores and by advertisements. Sears buys the sewing machines from manufacturers, and owns them when they are offered for sale. The percentage of its total sewing machine sales to gross sales in the State is 9/10ths of one percent. It pays the local privilege taxes based on its inventory, under Code 1942, Sec. 9696-178. The facts require the same application of the privilege tax statute here in question, Miss. Laws 1944, Ch. 138, Sec. 42, as was made in the Montgomery Ward case. The essential fact is that Sears is not a sewing machine agent or agency, but is in the general merchandise business, selling its own sewing machines as an independent retailer. Hence for the same reasons set forth in the opinion in Montgomery Ward, the chancery court was correct in holding that appellee was not liable for the tax.

Affirmed.

*McGehee, C. J.,* and *Lee, Arrington* and *Gillespie, JJ.,* concur.